UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 01-CR-00377-COHN/SELTZER

UNITED STATES OF AMERICA,

vs.

ROBERT FERNANDEZ CUESTA,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO RE-OPEN SENTENCE

**THIS CAUSE** is before the Court on Defendant Robert Fernandez Cuesta's Motion to Reopen Sentence Pursuant to Law of the Case Doctrine [DE 208] ("Motion"). The Court has considered the Motion, the Government's response [DE 210], the Defendant's reply [DE 213], and is otherwise advised in the premises.

The Defendant seeks reconsideration of his life sentence as a career-offender. Pursuant to U.S.S.G. § 4B1.1 or, alternatively, under 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) and 851(a), a defendant must have two qualifying convictions to be deemed a career-offender. Here, Defendant urges that he had only one qualifying conviction.

Specifically, Defendant contends his 1996 guilty plea to possession with the intent to distribute heroin does not constitute a qualifying conviction. Following the Defendant's guilty plea, he was released pending sentence. He later absconded and failed to appear for sentencing.

Defendant therefore submits there was never an adjudication of guilt. However, U.S.S.G. § 4A1.2(a)(4) states that a person is "convicted of an offense" if "the guilt of the Defendant has been established, whether by guilty plea, trial or by plea of nolo contendere." Id. "Where a Defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence under

§ 4A1.1(c), if a sentence resulting from that conviction otherwise would be countable." Thus, the 1996 possession with the intent to distribute heroin is clearly a qualifying offense.

Furthermore, whether Defendant's prior heroin conviction warranted a life sentence was an issue Defendant raised on direct appeal, but the Eleventh Circuit Court of Appeals affirmed the sentence. Additionally, in his § 2255 Petition, the Defendant alleged ineffective assistance of counsel based in part on a failure to object to the enhancement of the Defendant's sentence based on prior convictions which were neither charged in the indictment nor proved beyond a reasonable doubt. The Defendant's claims were denied and the Eleventh Circuit refused to issue a certificate of appealability. Any successive motion to vacate, set aside, or correct a sentence requires leave of the Court of Appeals authorizing the district court to consider the motion. Although the Defendant labels his motion as a "motion to re-open sentence pursuant to law of case doctrine," this Court finds the motion is a second or successive habeas petition and must be denied.

Finally, the Defendant is unable to meet any of the exceptions to 18 U.S.C. § 3582(c). Accordingly, based on the foregoing analysis, it is

**ORDERED AND ADJUDGED** that Defendant Robert Fernandez Cuesta's Motion to Reopen Sentence Pursuant to Law of the Case Doctrine [DE 208] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 25th day of October, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

2